(No. 3652—)

Roy Pedigo, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed September 14, 1943.*

Samuel H. Shapiro, for claimant.

George F. Barrett, Attorney General; Robert V. Ostrom, Assistant Attorney General, for respondent.

Chief Justice Damron delivered the opinion of the court:

On April 29, 1941, claimant, Roy Pedigo, received an accidental injury while working at Manteno State Hospital, Manteno, Illinois, under the direction of the Department of Public Welfare of the State of Illinois which arose out of and in the course of his employment with the respondent. While engaged in his employment in laying a sewer, when lowering the top of a manhole

the lid fell crashing the distal phalanax of the middle finger of his right hand.

All medical, surgical and hospital bills were furnished by the respondent and no claim is made for these items.

The claimant and respondent filed a stipulation of facts in this case which shows that the accident arose out of and in the course of claimant's employment; that the annual earnings of claimant immediately prior to the date of injury amounted to $2,971.00; that he did not work from the date of the injury to June 1, 1941, but received the sum of $276.00 during the month of May for unproductive work; that the respondent had notice of the accident on the date on which it occurred and that claim for compensation was duly made as provided by Section 24 of the Workmen's Compensation Act.

The only question to decide in this case therefore is the amount of loss suffered by this claimant by reason of said injury, both temporary and specific.

That portion of the Statute involved (Workmen's Compensation Act, Sec. 8; Ill. Rev. Stat. 1941, Chap. 48, Par. 145) is as follows:

"(e) For injuries in the following schedule, the employee shall receive compensation for the period of temporary total incapacity for work resulting from such injury, in accordance with the provisions of Pars. (a) and (b) of this Section for a period not to exceed 64 weeks, and shall receive in addition thereto compensation for a further period subject to limitations as to amounts as in this section provided . . . but shall not receive any compensation for such injuries under any other provision of this Act."

"3. For the loss of a second finger, or for permanent and complete loss of its use, 50 per centum of the average weekly wage during 35 weeks."

"6. The loss of the first phalange of the thumb or of any finger shall be considered to be equal to the loss of one-half of such thumb or finger and compensation shall be one-half the amount above specified."

Claimant's average weekly salary was $57.13. His weekly compensation rate therefore on the date of said injury was $16.50. He was 54 years of age and had no dependents under the age of 16 years.

Claimant sustained the loss of the distal phalange of the second finger of the right hand. By virtue of the above quoted statute claimant is entitled to one-half of the compensation payable for the loss of the second finger or 17½ weeks at the rate of $16.50, amounting to the sum of $288.75, representing his specific loss.

This claimant having been injured on the 29th day of April, 1941, did not return to his employment until the 1st day of June, 1941, making a total of 4 5/7 weeks for which he is entitled to receive temporary compensation amounting to the sum of $77.80. The record shows, however, that claimant was paid the sum of $276.00 by the respondent for unproductive work during the month of May, 1941. This amount represents an overpayment to claimant of $198.20 on his temporary compensation payments which must be deducted from his award.

An award is, therefore, entered in favor of the claimant and against the respondent in the sum of Ninety Dollars and Fifty-five Cents ($90.55), all of which has accrued and is now payable.